# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JERRY LYNN GILMORE, JR.**                                                 **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 1:15-cv-247-JCG**

**UNKNOWN EVANS et al.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jerry Lynn Gilmore, Jr., a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC), who is proceeding *pro se* and *in forma pauperis*. Plaintiff alleges excessive force and violation of due process against Defendants, who are correctional officers at the South Mississippi Correctional Institution (SMCI). Defendants have filed a Motion for Summary Judgment (ECF No. 25), and the Motion has been fully briefed. An omnibus hearing, which also operated as a *Spears* hearing,[1] was held on May 26, 2016. Having reviewed the submissions of the parties, the record, and applicable law, the Court finds that Defendants' Motion for Summary Judgment should be granted. Plaintiff's claims are barred because he failed to exhaust available administrative remedies before filing suit. Plaintiff furthermore states no claim for violation of due process.

## BACKGROUND

In 2009, Plaintiff was convicted in the Circuit Court of Jones County, Mississippi, of selling cocaine. *Gilmore v. Epps,* No. 2:12cv44-KS-MTP, 2012 WL

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

3309000 at *1 (S.D. Miss. Aug. 13, 2012) (dismissing Plaintiff's 28 U.S.C. § 2254 petition for habeas corpus). As a result, Plaintiff was sentenced to serve 30 years in the custody of MDOC. This suit concerns events at SMCI where Plaintiff was housed in May 2015.

On May 24, 2015, Plaintiff received a rule violation report (RVR) for inappropriate sexual behavior and indecent exposure. When correctional officers responded to a fire started in an adjoining cell, Plaintiff was standing in his cell with his hand in his pants, allegedly masturbating. Officer Jones approached, opened Plaintiff's cell door, sprayed Plaintiff in the face with chemical agent, and then closed the cell door. Plaintiff was taken to the infirmary approximately forty minutes later.

According to Plaintiff, Captain Evans, and Officers Jones, Davis, and Lockhart took a detour to the receiving room as they escorted Plaintiff to the infirmary. In the receiving room, Officer Jones hit Plaintiff from behind with a radio. Captain Evans slapped Plaintiff across the head and threatened him with a prison shank. Officers Jones and Lockhart also hit Plaintiff.

Plaintiff received a second RVR on May 24, 2015, for allegedly grabbing Officer Jones' arm as she approached his cell. Plaintiff was convicted of both RVRs but argues that his due process rights were violated during the disciplinary process because the RVRs were not delivered and stamped properly, and because he was not allowed to call witnesses at the disciplinary hearing.

DISCUSSION

A.  Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

B.  Plaintiff did not exhaust available administrative remedies prior to filing suit

   1.  PLRA's exhaustion requirement

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies prior to filing an action with respect to prison conditions:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016). "[T]hat mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

"The prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart v. Erwin,* 837 F.3d 444, 451 (5th Cir. 2016). The United States Court of Appeals for the Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available administrative remedies *properly*." *Id.* (emphasis in original) (quotation omitted). Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

MDOC utilizes a "formal two-step process for handling inmate grievances." *Yankton v. Epps,* 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps,* 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

> "[T]o ensure their right to use the formal [ARP]," inmates "must make their request to the Adjudicator in writing within a 30 day period after an incident has occurred." [Inmate Handbook, MDOC, ch. VIII, sec. IV.] They are,

4

> however, discouraged from making repetitive requests and "are encouraged to continue to seek solutions to their concerns through informal means." [*See id.*]
>
> Prior to the "first step" of this procedure, the Adjudicator screens the request to determine whether it meets specified criteria. [*See id.* at ch. VIII, sec. V.] If a request fails to meet that criteria, the Adjudicator will reject it and notify the inmate via Form ARP-1. [*See id.* at ch. VIII, sec. VI.] If the request meets the criteria, however, the Adjudicator will accept it into the ARP, and the request will then proceed to the first step. At the first step, the appropriate MDOC official receives the request via Form ARP-1 and provides a "first-step response" to the request via Form ARP-2. If the inmate is satisfied with this first-step response, he does not need to do anything further. If unsatisfied, however, the inmate may then proceed to the "second step" by indicating as much on the same Form ARP-2. At the second step, another appropriate MDOC official, such as a warden, provides the "second-step response" via Form ARP-3. If unsatisfied with the second-step response, the inmate may then bring a claim in court. [*See* Inmate Handbook, ch. VIII, sec. IV.]

*Id.*

2. <u>Plaintiff did not complete the ARP process</u>

Defendants' threshold argument is that Plaintiff failed to exhaust administrative remedies with respect to all of his claims before filing suit. Plaintiff filed an ARP grievance on June 3, 2015, complaining that excessive force was used against him. (ECF No. 25-1, at 1). Warden Turner completed a first-step response, informing Plaintiff that his grievance was being taken seriously and would be thoroughly investigated. *Id.* at 6. Turner found, however, that there was probable cause for Officer Jones to deploy chemical agent. *Id.*

5

Plaintiff did not appeal the first-step response. *Id.* at 1. He did not proceed to the second step of the ARP process. As a result, Plaintiff failed to properly exhaust available administrative remedies prior to filing suit. Plaintiff's claims are thus barred by 42 U.S.C. § 1997e(a) and must be dismissed without prejudice.

C.      <u>Plaintiff fails to state a claim for violation of due process</u>

Because he was convicted of the two RVRs, Plaintiff was punished with a loss of privileges for one month, excluding exercise periods. (ECF No. 25-2, at 1-2). Plaintiff maintains that his due process rights were violated during the disciplinary process because the two RVRs were not delivered and stamped properly, and because he was not allowed to call witnesses at the disciplinary hearing.

"The Fourteenth Amendment Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). A temporary loss of prison privileges that does not affect the duration of Plaintiff's sentence does not implicate a liberty interest because this punishment does not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner,* 515 U.S. 472, 486 (1995); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995).[2]

---

[2] *See Nathan v. Hancock,* 477 F. App'x 197, 199 (5th Cir. 2012) (holding placement in disciplinary segregation and change in custody status did not implicate liberty interest); *Zamora v. Thaler,* 407 F. App'x 802, 802 ("Punishments such as restrictions on visitation do not implicate due process concerns"); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (finding change in custodial status did not implicate due process concerns); *Hernandez v. Velasquez,* 522 F.3d 556, 562-63 (5th Cir. 2008) ("administrative segregation . . . being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim"); *Lewis v. Dretke,* 54 F. App'x 795,

6

It is well settled that a prisoner has no constitutional right to have his grievances investigated in a certain manner, or for the investigating officers to reach a different conclusion. *Taylor v. Cockrell,* 92 F. App'x 77, 78 (5th Cir. 2004); *Beall v. Johnson,* 54 F. App'x 796, *1 (5th Cir. 2002); *Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986). Plaintiff has failed to state a claim for violation of due process.

CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (ECF No. 25) is **GRANTED**. Plaintiff's claims are dismissed without prejudice for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). A separate final judgment will be entered as instructed by Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 21st day of June, 2017.

*s/* *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

---

*1 (5th Cir. 2002) (finding disciplinary restriction of privileges did not implicate liberty interest); *Madison v. Parker,* 104 F.3d 765, 768-69 (5th Cir. 1997) (holding inmate's 30-day commissary and cell restrictions as punishment did not implicate due process concerns); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995) (finding there is no protectable liberty interest in custodial classification); *McGowan v. Peel,* No. 3:06-cv-659-DPJ-JCS, 2007 WL 710154, *2 (S.D. Miss. Mar. 6, 2007) ("It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated").